UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13CR205-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>VINCENT GORDON ) | **PRELIMINARY ORDER**<br>**OF FORFEITURE**<br>(*NUNC PRO TUNC*) |

In the bill of information in this case, the United States sought forfeiture of property pursuant to 21 U.S.C. § 853 as property that was used to commit or facilitate the crime charged.

Defendant pled guilty to Count One in the bill of information and was adjudged guilty of the offense charged in that count. At sentencing, this Court orally ordered defendant to forfeit specific property as described below. Pursuant to the government's motion, this order is entered as a formal preliminary order of forfeiture reflecting the oral order at the sentencing hearing on April 1, 2014, *nunc pro tunc*.

It is therefore ORDERED, *nunc pro tunc*:

1. Based upon the defendant's conviction and sentencing and the oral order entered at the sentencing hearing on April 1, 2014, the United States is authorized to seize the following property seized by the Charlotte-Mecklenburg Police Department on or about May 13, 2013, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

    **One Charter Arms .357 revolver;**

    **One Bersa .380 pistol; and,**

    **One 12-gauge shotgun, all together with any ammunition**.

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by

law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice.

      3.      Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: April 4, 2014

Frank D. Whitney
Chief United States District Judge