UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00205-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| VINCENT GORDON, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 28), and supplemental filings in support of his motion (Doc. No. 31, 34). The Government has filed a response in opposition to the motion. (Doc. No. 32). While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from FCI-Edgefield to a Residential Reentry Center (also called a halfway house or "RRC") in Raleigh, North Carolina, where he is under the supervision of the BOP-designated residential reentry managers ("RRMs").[1] Given the specific relief requested by Defendant in his motion, and the limited arguments asserted in support thereof, the Court DENIES the motion WITHOUT PREJUDICE.

As an initial matter, the Court notes that it cannot grant the specific relief requested throughout Defendant's pleadings: release to home confinement. Specifically, Defendant seeks an order "grant[ing] his motion for Compassionate Release compelling the Bureau of Prisons to

---

[1] See https://www.bop.gov/inmateloc/ and https://www.bop.gov/about/facilities/offices.jsp#rrm, visited 11/1/2021.

1

designate the remainder of his sentence be served in Home Confinement at his residence . . . ." (Doc. No. 28, p. 1).

The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement for "the remainder of his sentence" alters only the *place* of incarceration, not the actual *term* of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.[2] Therefore, the Court DENIES Defendant's motion seeking his release to home confinement.

In light of Defendant's clear reliance on 18 U.S.C. § 3582(c)(1)(A) throughout his pleadings, the Court also briefly considers the merits of his motion to the extent he seeks a

---

[2] To the extent the Court has discretion to make a *recommendation* to BOP, the Court declines to do so under the current record. See United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases on the split among district courts as to whether a district court can make imprisonment placement recommendations on a defendant's post-sentencing motion).

2

reduction in his sentence that is not limited to home confinement. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies,[3] the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."). In determining whether an extraordinary and compelling reason exists, the Court is not confined to specific criteria and is "empowered . . . to consider *any* extraordinary and compelling reason for release." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

Defendant contends he should be released from FCI Edgefield, the facility in which he was detained, because of "[t]he current conditions in Federal prison, the nature of [his] medical condition, and the inability of the Bureau of Prisons (BOP) to prevent the spread of Covid . . . ." (Doc. No. 28, p. 2). In large part, Defendant provides generic arguments regarding the COVID-19 transmission in jails and prisons, although his supplemental pleading explains the specific

---

[3] It is undisputed that Defendant exhausted administrative remedies prior to filing the instant motion.

conditions and COVID-19 impact at the FCI Edgefield facility where he was previously housed. (Doc. No. 34). Defendant's transfer out of FCI Edgefield has mooted his concerns about his particular vulnerability to contracting COVID-19 within FCI Edgefield, and he has not submitted any additional argument or evidence on the prevalence or risk of COVID-19 cases at the residential re-entry center (or halfway house) where he is serving the final months of his sentence. The Court recognizes the serious nature of Defendant's asserted medical conditions; however, he has made no argument to this Court that remaining in BOP custody at the RRC poses a greater risk to him than would otherwise exist if he were released to the community. Based on the current record before the Court, Defendant has failed to sufficiently establish that the collective impact of his underlying health conditions, the threat of the COVID-19 pandemic, and his current conditions of his confinement within the BOP system constitutes an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)(1)(A)(i).[4]

In light of the narrow arguments asserted by Defendant, which are either reserved for determination by the BOP or have been mooted by his transfer to a new facility, the Court's ruling here leaves open the opportunity for Defendant to file a new motion that argues different extraordinary and compelling reasons, including the conditions of confinement at his new facility,

---

[4] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) (noting specific conditions, when considered *collectively*, could satisfy a defendant's burden: "Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. . . . At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case." (citations omitted)). In contrast, Defendant here has failed to provide a specific combination of factors arising out of the conditions at his current residential reentry center to support a finding of extraordinary and compelling reasons.

4

Case 3:13-cr-00205-FDW    Document 36    Filed 11/02/21    Page 4 of 5

to support a reduction in sentence. For this reason, the Court declines at this juncture to consider the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 28) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: November 2, 2021

Frank D. Whitney
United States District Judge